Terwilliger *v.* Wheeler.

———————— •·•·• ————————

TERWILLIGER, Deputy Sheriff of Delaware county, *vs.*
WHEELER and others.

The possession of a deputy sheriff, of property upon which he has levied by virtue of an execution, being the actual possession of the sheriff, the deputy cannot maintain an action, in his own name, against persons who wrongfully take such property away from him. The action must be brought in the name of the sheriff

TWO causes of action were set out in the complaint. The first was that the plaintiff, as a deputy of the sheriff of Delaware county, by virtue of an execution issued out of the

Terwilliger *v.* Wheeler.

county court of said county, in favor of John J. Bonner against Simon L. Lewis, levied upon and took lawful possession of one raft of the value of $200, the property of said Lewis, and that the defendants afterwards wrongfully and unlawfully took the raft from the possession of the plaintiff and converted the same to their own use. The second was, that the plaintiff was lawfully possessed of a certain hemlock raft, the property of the plaintiff, of the value of about $200, and that the defendants wrongfully took such raft from the plaintiff, carried it away and converted it to their own use.

Three defenses were contained in the answer. First. That the action was improperly brought in the name of the plaintiff as deputy sheriff of the county of Delaware, who was not the real party in interest. Secondly. A general denial of each and every allegation in the complaint. Thirdly. That the defendants Frederick M. Wheeler and Dewitt C. Wheeler were the owners of the raft, and that the other defendants acted under them and by their direction in taking the same.

The action was tried at an adjourned circuit held in Delaware county in March, 1861.

The case, as stated by the plaintiff's counsel in his opening, was as follows : In the spring of 1859 Simon L. Lewis was the owner and in possession of a certain log raft then lying in the town of Hancock, in the county of Delaware ; that on or about the 17th day of February, 1859, John J. Bonner duly recovered a judgment in a justice's court in said county for $25, damages and costs ; that on the 23d day of February aforesaid a transcript of said judgment was duly filed in the office of the clerk of said county, and judgment duly docketed thereon in said clerk's office, and an execution was duly issued thereon by said clerk on the day last aforesaid, and delivered to the plaintiff for collection, who then was, and still is, a deputy of the sheriff of said county; that on the 26th day of March, 1859, the plaintiff, as such deputy, duly levied upon and seized at Hancock, in said county, the raft in controversy, in the action, while the same belonged to

and remained in the possession of said Simon L. Lewis, the defendant in the execution, and took actual possession of said raft by virtue of the execution and levy, and put one Henry W. Hunt, as his agent, in possession thereof, who run the same for the plaintiff to the forks of the Delaware river in said town of Hancock, and there landed the same for the plaintiff, who retained the possession thereof until said raft was wrongfully taken from the plaintiff by the defendants; that at the time the plaintiff levied upon the raft, the defendants Frederick M. and Dewitt C. Wheeler held an alleged chattel mortgage upon the raft, executed by said Simon L. Lewis to them; that the plaintiff afterwards tendered to those defendants the amount due upon said mortgage for their claim upon the raft, which tender was accepted by them; that the defendants, a few days afterwards, wrongfully, and without the knowledge or consent of the plaintiff, took the raft from the possession of the said deputy sheriff, plaintiff, and run the same to market, and sold the same and appropriated the proceeds thereof to their own use.

The defendants' counsel then asked the court to nonsuit the plaintiff, upon the ground that the action could not be maintained by the deputy sheriff in his own name, but that the action should have been brought by Baldwin Griffin, as sheriff of Delaware county, and that the action could only be brought in his name.

The court granted the motion, and nonsuited the plaintiff, on the sole ground that the deputy sheriff could not maintain the action. To which ruling and decision the plaintiff's counsel excepted.

Judgment was suspended, and the plaintiff's counsel moved for a new trial on the exception taken to the decision nonsuiting the plaintiff.

*William Wakeman* and *William Gleason,* for the plaintiff.

*Robert Parker,* for the defendants.

Terwilliger *v.* Wheeler.

*By the Court,* BALCOM, P. J. A deputy sheriff is the agent or servant of the sheriff. (*Colvin* v. *Holbrook,* 2 *Comst.* 126.) The levy by the plaintiff, as deputy, upon the raft in question, was the act of the sheriff. (*Sheldon* v. *Payne,* 3 *Seld.* 453.) He could not have made a valid levy in his own name. All levies and returns by a deputy sheriff must be made in the name of his principal, the sheriff. (*Simonds* v. *Catlin,* 2 *Caines'* R. 61. *Coleman & Caines' Cas.* 354. 23 *Wend.* 435, 441. 4 *Hill,* 351. *Crock. on Sheriffs,* §§ 39, 440, 531.) The possession of the raft by the plaintiff, as deputy sheriff, was, in judgment of law, the actual possession of the sheriff; the rule being that the possession of an agent or servant is the actual possession of the principal or owner. (16 *Wend.* 350 *and* 351.) Hence, the plaintiff could not maintain the action on the ground that the raft was taken from his actual possession by the defendants. I am aware that a person who receipts goods levied upon, to the sheriff, may maintain actions therefor against strangers who wrongfully take them from him, although he has sometimes been called the servant or agent of the sheriff. But he holds the goods in his own name, and does no act concerning them in the name of the sheriff. He holds them as bailee of the sheriff, and has such a possession and interest in them as entitles him to sue for them when wrongfully dispossessed. (*Edw. on Bail.* 61. 16 *Wend.* 335.) The plaintiff's counsel seems to think because a deputy sheriff must be appointed by a writing under seal, and must take an official oath, (1 *R. S.* 877, § 169, *5th ed.*) and may be required to give security to the sheriff for the faithful discharge of the duties of his office, (10 *Paige,* 231, 232,) he is such an officer, and has such an interest in the goods levied upon by him that he can maintain actions in his own name against strangers who wrongfully take them from him. The difficulty in maintaining this position lies in the fact that a deputy sheriff can do no act in his own name, and never professes to do any for himself. He is only a mere arm or hand of the sheriff, although

---

he takes an oath and gives security for the faithful execution of the trust reposed in him. If a servant or agent takes an oath or gives security that he will honestly and faithfully do the business confided to him by his employer, he has no greater rights in or to any property he has charge of than he would have without taking any oath or giving such security.

A sheriff or under sheriff may appoint deputies by parol, without writing, to do particular acts only, and such deputies need not take an official oath. (1 *R. S.* 877, § 169, 5*th ed.*) But I will not pursue these questions further.

The opening of the plaintiff's counsel showed that the defendants had taken but one raft, and that the plaintiff never had any possession or control of that, except as a deputy of the sheriff of Delaware county. And as such possession and control were the actual possession and control of the sheriff himself, it follows that the plaintiff was properly nonsuited, and his motion for a new trial should be denied with costs.

Decision accordingly.

[BROOME GENERAL TERM, January 28, 1862. *Balcom, Campbell* and *Parker*, Justices.]