No. 12,420.

### THE STATE *v.* LONG.

CRIMINAL LAW.—*False Pretences.*—*Evidence.*—An indictment for obtaining a loan of money by false pretences charged that the defendant falsely represented that he was the owner of a certain amount of stock in a manufacturing company; that he was solvent and able to pay all

his debts, which did not exceed a certain sum; that he was largely indebted to certain named persons in specified amounts, and also "owed other debts, the amount of which, and the persons to whom they were due, were to the grand jurors unknown." The indictment did not negative the representations of solvency, nor charge that the defendant, in direct terms, represented that such stock was unpledged.

*Held,* that it was not error to exclude evidence, offered by the State, that the stock was pledged to secure an indebtedness, due and unpaid, exceeding its value.

*Held,* also, that under the general averment of an indebtedness not specifically set out, the testimony of one not named in the indictment, that the defendant owed him a certain sum at the time the representations were made, was admissible.

SAME.—*Previous Statements to Third Person.*—*Admission.*—In such case evidence that not long prior to the making of the representations complained of, the defendant made similar representations to a third person, and afterwards admitted their falsity, was admissible, as tending to prove the untruth of the statements charged.

From the Wayne Circuit Court.

*F. T. Hord,* Attorney. General, and *J. F. Robbins,* for the State.

NIBLACK, J.—Josiah C. Long was indicted, tried and acquitted in the court below for obtaining, as was charged, the loan of $100 from one Caleb W. Price by false pretences.

This appeal is prosecuted by the State under sections 1845, 1846, 1882 and 1883, R. S. 1881, for the review of certain questions reserved at the trial.

The indictment charged that, on the 6th day of February, 1884, the appellee, for the purpose of obtaining a loan of $100 from the said Caleb W. Price, feloniously, knowingly and designedly made divers and certain false representations to him, amongst which were that he, the appellee, was then and there the owner of $5,000 worth of stock in the Ezra Smith & Co. Manufacturing Association, a corporation doing a large and extensive business in the city of Richmond, in this State, the stock in which was worth seventy cents on the dollar, thereby intending to induce him, the said Price, to believe that he, the appellee, held and owned said stock,

free from any pledge, security, lien, debt or encumbrance, and also that he, the appellee, was at the time solvent and able to pay all his debts which did not then exceed the aggregate sum of $300. Whereas, in truth and in fact, he, the appellee, was not, at the time, the owner of $5,000 worth of stock in said Ezra Smith & Co. Manufacturing Association, and was not the holder of such stock free from any pledge, security, lien, debt or encumbrance, but all of his stock in said association was then pledged and deposited as collateral security for the payment of certain debts which he then owed as follows: Forty shares to one Thompson to secure the payment of $700; thirty shares to one Graves to secure the payment of $775, and twenty-seven shares to Susan Githens to secure the payment of $500; and whereas, in truth and in fact, he, the appellee, at the time owed large sums of money, to wit, to one Graves $1,500; to one Thompson $700; to the First National Bank of Richmond $650; to one Brown $219; to one Vanzandt $600; to one Binkley $75; to one Smith $50; to Susan Githens $700, and to one Bellinger $50, making a total aggregate indebtedness of $4,579, and then owed other debts the amounts of which and the persons to whom they were due were to the grand jurors unknown.

After evidence had been introduced tending to prove that the defendant had, at the time specified, made representations to Price similar to those charged in the indictment, Susan Githens was called as a witness on behalf of the State, and testified that, at the time named, the defendant was indebted to her in the sum of $700. The prosecuting attorney then proposed to prove by the witness that when the representations alleged to be false were made, all the stock of the defendant in the Ezra Smith & Company Manufacturing Association was pledged and hypothecated to, and deposited with, her as security for an indebtedness to her exceeding the value of the stock, which indebtedness was then past due and remained wholly unpaid, but the circuit court excluded the proof thus proposed to be made, and the prosecuting attor-

ney reserved a question for decision by this court upon that ruling of the circuit court.

This ruling was based upon the ground that the indictment did not charge the appellee with having in direct terms represented that the stock in question was unpledged and unincumbered with any lien upon it, and in that view we can not hold that the proof proposed was erroneously excluded. Nor was such proof admissible to establish the insolvent or generally bad financial condition of the appellee, since the indictment did not negative the appellee's alleged representation that he was solvent and able to pay all his debts.

It was mutually admitted at the trial that the grand jury, when it returned the indictment, had no knowledge of, nor means of ascertaining that there was, an indebtedness by the appellee to one Bradbury, and proof that there was no such knowledge or means of ascertaining on the part of the grand jury was expressly waived. Thereupon the prosecuting attorney also called Bradbury as a witness, and offered to prove by him that at the time the representations complained of were made, the appellee owed him $100, but this offered proof was also excluded by the circuit court, and a question was also reserved by the prosecuting attorney upon that decision of the circuit court.

It is fairly deducible from the authorities, that where the name of a person connected with a transaction set forth in an indictment was unknown to the grand jury, and the indictment charges his name to be unknown, but where his name afterwards becomes known, he may be described at the trial by his particular name. But in this case it was made presumptively to appear that neither the indebtedness to, nor the person of, Bradbury was in the minds of the grand jurors when the indictment was returned. Whart. Crim. Ev., section 97, and note; *Commonwealth* v. *Hendrie*, 2 Gray, 503; *White* v. *People*, 32 N. Y. 465.

The proposed evidence of Bradbury did not, therefore, fall strictly within the rule above stated. We are of the opinion,

nevertheless, that the evidence was admissible under the general averment of a greater indebtedness than that specifically set out in the indictment.

One Gilbert was also called as a witness for the State, and upon an objection being made to a question addressed to him as a witness, the prosecuting attorney stated that he was seeking to prove, and expected to prove, by the said Gilbert, that not long prior to the time at which Price claimed that the representations, charged in the indictment, were made to him, the appellee made substantially the same representations to him, Gilbert, as those testified to by Price, and afterwards admitted to him, Gilbert, that the representations thus made to him were false. The circuit court, however, refused, to permit the proposed evidence to be introduced, and the prosecuting attorney likewise reserved a question upon that refusal of the circuit court.

No sufficient reason for the exclusion of the facts thus sought and expected to be proven is readily apparent. The admission of the appellee that the statements he made to Gilbert were false would certainly have tended, at least in an indirect and inferential way, to prove that similar statements soon after made to Price were also untrue, and known to be so when made. The facts, therefore, proposed to be proven by Gilbert were material and competent for the consideration of the jury.

One Bellinger was also produced as a witness for the State, and an offer was made to prove by him other representations similar to those testified to by Price, but the offer thus made was held to be inadmissible, and a still further question was reserved upon that action of the circuit court.

In argument counsel for the State challenge the correctness of so much of the opinion of this court in the case of *Todd* v. *State*, 31 Ind. 514, as may be considered to have a bearing upon the question reserved as lastly above stated, and insist that, in the respect stated, that case can not be safely followed as a precedent. But we have no brief from the appellee, and

the argument submitted on behalf of the State is not exhaustive; hence we do not regard the occasion as a favorable one for a review of the case thus challenged, or for a formal ruling upon the precise question intended to be raised by the presentation of Bellinger as a witness.

The appeal is sustained, at the costs of the appellee.

