### BARTLETT *v.* HALLIGAN.

*(Supreme Court, General Term, Fifth Department.* April 11, 1890.)

SHERIFFS AND CONSTABLES—CONTEMPT—LIABILITY OF DEPUTY.

    A deputy-sheriff cannot be held for contempt, in refusing to pay over money collected on execution, where it appears that the deputy paid the money so collected to the sheriff, who on the same day paid it back to the deputy in settlement of wages due. Distinguishing *Whitman* v. *Haines,* 4 N. Y. Supp. 48.

Appeal from special term, Wyoming county.

Action by Myron E. Bartlett against James Halligan. An order was entered denying a motion to punish Allen B. Divers, late under-sheriff of Wyoming county, for not paying over moneys collected by him on an execution, and plaintiff appeals.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*M. E. & E. M. Bartlett,* for appellant. *Frank W. Brown,* for respondent.

CORLETT, J. In July, 1887, the plaintiff recovered a judgment against the defendant, Halligan, for $81.74. Soon after, execution was delivered to Divers, the deputy-sheriff, to collect the judgment. He did so in full. Daniel W. Hough was sheriff of the county. After the deputy had collected the execution the plaintiff demanded the money from him, which he refused to pay. The deputy's affidavit shows that he paid the money to the sheriff, and that on the same day the sheriff paid it back to him, to apply on wages due from the sheriff to him. A motion was made at special term, Justice CHILDS presiding, to punish the deputy for contempt for not paying over the moneys collected by him on the execution. This was denied on the ground that the proceedings should have been against the sheriff, and that the court had no power to punish the deputy. The justice wrote an opinion, which appears in the case.

In *Colvin* v. *Holbrook,* 2 N. Y. 126, it was decided that a deputy-sheriff owes no duty, and is under no obligations, to a third person, in respect to moneys in his hands, and that a request to pay could not create an obligation or confer a legal right. The sheriff was alone responsible. All the cases are to the same effect. *Terwilliger* v. *Wheeler,* 35 Barb. 620–623; *Davis* v. *Fiske,* 17 Wkly. Dig. 380; *Ross* v. *Campbell,* 19 Hun, 615; *Newman* v. *Beckwith,* 5 Lans. 80, (this case was reversed in 61 N. Y. 205, but not upon the question involved here.) The learned counsel for the appellant calls attention to *Whitman* v. *Haines,* 4 N. Y. Supp. 48, as an authority in favor of his position. In that case, Davidson, sheriff of New York county, directed his deputy, Schaffer, to execute certain attachments, out of which he realized considerable money. The sheriff failed, and such proceedings were had that the court decided: "It is ordered that Alexander V. Davidson, late sheriff of the city and county of New York, and his attorney, Edward J. Shelley, and each and every of the deputies and ex-deputies and clerks and assistants of the late sheriff, forthwith deposit in the United States Trust Company of New

York, to the credit of said five actions, any and all moneys now in their hands, or in the hands of any of them, or which may hereafter come into their hands, or into the hands of any of them, or under their control, by virtue of the warrants of attachment, or any of them, granted in the above-entitled actions, or any of them." A copy of this order was served on the deputy, Schaffer, who declined to obey it. The court held that he was guilty of contempt, and said: "The deputies are servants of the sheriff, and in law they are considered but one officer;" citing *Pond* v. *Leman*, 45 Barb. 154. It will thus be seen that this authority is in full accord with the cases above cited. The deputy is not an officer, but a mere servant of the sheriff designated as deputy, and in contempt proceedings the sheriff is liable, but he is not. The order must be affirmed. All concur.