[Crim. No. 437. Department Two.—October 4, 1898.]

## THE PEOPLE, Respondent, v. W. G. GRIFFITH, Appellant.

CRIMINAL LAW — OBTAINING MONEY UNDER FALSE PRETENSES— PLEADING—FALSITY OF REPRESENTATIONS—NEGATIVE PREGNANT. An indictment for obtaining money under false pretenses, consisting of representations that defendant "was the owner of and in the possession of a certain tract of land," and had a right to lease it, in which a denial of the truth of the representations is made by a negative pregnant, averring that the defendant "in fact and in truth was not the owner of and in the possession of" the said tract of land, is insufficient to negative the ownership or right of possession of the land, or to overcome the presumption of innocence, and a demurrer thereto should be sustained.

ID.—FALSE PRETENSE OF RIGHT TO LEASE—CONCLUSION OF LAW.— The representation that defendant had the right to lease the land, having been expressly made to depend upon the fact of the ownership and possession of the land, is a conclusion of law, and an allegation of its falsity cannot render the indictment sufficient, the falsity of the representation as to the ownership not having been properly pleaded.

ID.—REPRESENTATIONS IN LETTERS—VENUE NOT SHOWN—PRESUMPTION UPON APPEAL.—The representations complained of having been made in letters sent by mail, and no evidence appearing in the record upon appeal as to where any of them were mailed, or received, and the verdict having been assailed as contrary to the evidence, it must be presumed upon appeal that the bill of exceptions contains all the evidence tending to prove every material fact for the prosecution, and the judgment must be reversed for want of proof of the venue.

ID.—TITLE IN THIRD PERSON—DISPUTED RIGHTS—BONA FIDE CLAIM OF DEFENDANT—QUESTION FOR JURY.—Though any beneficial right of the defendant in land, the legal title to which was in the name of a third person, was in dispute, and though, on the theory of the beneficial ownership thereof claimed by the defendant, such third person presumptively took both the title and the rents of the land as security for debts due to other parties, and the defendant does not appear to have had a right of

possession until such debts were paid, yet it was for the jury to determine whether the defendant, in claiming the ownership and right to lease the land, was acting in good faith, according to what he believed was his right; and if so, he was guilty of no crime.

APPEAL from a judgment of the Superior Court of Sonoma County and from an order denying a new trial.   Albert G. Burnett, Judge.

The facts are stated in the opinion of the court.

F. W. Sawyer, and N. C. Coldwell, for Appellant.

W. F. Fitzgerald, Attorney General, and Charles H. Jackson, Deputy Attorney General, for Respondent.

TEMPLE, J.—The defendant was convicted of the offense of obtaining money by false and fraudulent representations, and appeals from the judgment and from an order refusing a new trial.

The indictment was demurred to, and among other points made, it is contended that it does not charge an offense because, after stating what the representations were, it does not contain a sufficient allegation that such representations were false.   The representations are stated to have been: "That he, the said W. G. Griffith, was the owner of and in the possession of a certain tract of land situate, lying, and being in the county of Sonoma, known as the Robert Miller Mountain or Hill ranch; that he, W. G. Griffith, by reason of his said ownership and possession of said Robert Miller Mountain or Hill ranch, had full authority and right to let, lease, and demise the said Robert Miller Mountain or Hill ranch to the said C. B. Petray."

The falsity of the representation is alleged as follows: "At the time that said W. G. Griffith represented and pretended to the said Petray that he was the owner of said Robert Miller Mountain or Hill ranch, and had full authority and right to let, lease, and demise the same to C. B. Petray, he, the said W. G. Griffith, in fact and in truth was not the owner of and in the possession of the said Robert Miller Mountain or Hill ranch, and had no authority or right to let, lease and demise the same to the said C. B. Petray, all of which was then and there well known," et cetera.

.The representation that defendant had a right to lease the land is not only a conclusion of law, but was represented to depend upon the fact that he was the owner and in possession. Now, the denial of the truth of the representation is a negative pregnant. It does not deny that defendant owned the land; nor does it deny that he was in possession; but it avers that in truth the defendant was not the owner and in possession. This might be so, and yet the defendant might have been the owner, and as owner have the right to lease the land, although not in possession. In such case possession would be immaterial. Or the defendant may have been rightfully in possession, and entitled to the possession, in which case the matter of ownership would be immaterial.

The indictment must negative the presumption of innocence. If the allegations can be true and the defendant still be innocent, the presumption still prevails, and a verdict of guilty as charged would not constitute a conviction of a crime. This indictment must therefore be held insufficient.

It is also contended that there is no proof of venue. The offense—if committed at all—was accomplished by representations made in certain letters, written by defendant in response to letters written by one C. B. Petray. The note which constitutes the property—which according to the charge defendant obtained by fraud—was sent through the United States mail. The evidence is positive that all these letters were sent and received through the United States mail, but there is no evidence in the record as to where any of them were mailed, or were received. On their face, defendant's letters are dated at San Francisco and addressed to Petray at Geyserville, Sonoma county. The directions upon the envelopes do not appear. It is assumed that the letters written by defendant were mailed in San Francisco, and that Petray received them from the postoffice at Geyserville, Sonoma county; but the record makes no showing upon that subject. A motion for a new trial was made on the ground that the verdict was contrary to the evidence. This seems to be the only specification required, and makes it incumbent upon the people to see that the bill of exceptions contains all the evidence, or at least some evidence tending to prove every material fact for the prosecution. The venue may have been conceded at the

trial, or there may have been proof, but if either supposition be true, the record should have shown it.    The presumption here is, that the record contains all material evidence, but oversights such as suggested often exist.    (See *People v. McGregar*, 88 Cal. 140.)    However reluctant we may be to reverse a case for an apparent lack of jurisdiction which may result from the fact that that question was conceded and therefore overlooked in making up the record, we are helpless in the matter.    We cannot say the defendant was not injured, for apparently he was convicted of a felony in a case which the court had no jurisdiction to try.

It is contended that Griffith, on the evidence, must be considered as the owner of the property leased, and as such was authorized to execute the lease.    It is admitted that he was not the legal owner, but it is contended that the conveyance to Mrs. Cook was a mortgage only, and that the beneficial owner was Griffith. Mrs. Cook testified that she claimed no beneficial interest in the land, but thought she held the title as trustee for the Etchells heirs.    The Santa Clara property which was exchanged for the Miller ranch was encumbered by a mortgage to secure a debt due to the Etchells estate.    Whether the heirs had agreed to take the Mountain ranch in payment of their debt, or as security, seems to have been a matter in controversy.    But, even if Griffith was entitled to the property after the payment of the debt, his right to possession of the land prior to that time is not made to appear. The deed was absolute on its face, and, though intended as security, still, under the circumstances, the title must have passed to Mrs. Cook.    Presumptively she would take the rents, as well as the title, for the security of the Etchells heirs.    Still, if Griffith was acting in good faith, according to what he believed was his right, he was guilty of no crime.    This was a matter, however, for the jury to determine.

Other points are made, but even in case of a new indictment I do not think they will be material.

The judgment and order are reversed.

McFarland, J., and Henshaw, J., concurred.