STATE, DEFENDANT IN ERROR, v. GEORGE I. LUXTON, PLAINTIFF IN ERROR.

Argued November 20, 1900—Decided March 4, 1901.

1. An indictment for obtaining money by the false pretence that a certain lot of land was unencumbered, should negative the pretence by stating the encumbrance which existed; but a general averment, that the pretence was false, will be deemed sufficient after verdict.
2. If, after contracting to convey a lot of land to A. and obtaining from him part of the price by the false pretence that the lot is unencumbered, the defendant conveys the lot to a stranger, that fact may be proved, on trial of an indictment for the false pretence, as evidence of the defendant's intention to defraud A. by making the pretence.

---

On error to the Supreme Court.

For the plaintiff in error, *McEwan & McEwan.*

For the state, *James S. Erwin*, prosecutor of the pleas.

The opinion of the court was delivered by

DIXON, J.  The indictment in this case was for obtaining money under false pretences.  The pretences set forth were

that the defendant was the owner in fee-simple of a certain lot of land, and that his title was unencumbered by mortgage or other lien or claim whatsoever; and the falsity of these pretences was alleged in the following words: "Whereas, in truth and in fact the said [defendant] was not then and there owner in fee-simple of the said lot, nor was his title then and there unencumbered by mortgage or other lien or claim, as he then and there well knew."

At the trial it was proved by the state that the defendant, when he made the alleged pretences, was the owner in fee-simple of the lot, and therefore the question now raised by the defendant as to the sufficiency of the indictment concerns only the pretence as to encumbrances.

We think that on this point the indictment lacks proper certainty. The general rule is that the indictment must state the facts of the crime with as much certainty as the nature of the case will reasonably admit (*People* v. *Gates,* 13 *Wend.* 311), and that an indictment for false pretences should negative the pretences by such specific averments as will give the defendant notice of what he is to prepare to defend. 8 *Encycl. Pl. & Pr.* 880.

Although usually it is sufficient for the indictment to aver that the alleged pretence was false, yet when the pretence is a mere general negation, the falsity of which can be shown only by proof of a specific fact, that fact ought to be set forth, in order to comply more fully with the constitutional requirement that the defendant shall be informed of the nature and cause of the accusation against him. The allegation in this indictment, that the pretence that the land was unencumbered was false, gave the defendant no information on which he could prepare to refute the evidence of any encumbrance which the state might attempt to prove. In *State* v. *Long,* 103 *Ind.* 481, where the false pretence was that the defendant held certain stock unencumbered, the indictment set out the particular encumbrances to which the stock was subject. This degree of certainty is always attainable in similar cases, and is therefore required by law.

But notwithstanding this lack of certainty in the indict-

ment, we should not reverse the judgment, because the statute (*Pamph. L.* 1898, *p.* 866, § 136) declares that no judgment given upon any indictment shall be reversed for any error except such as shall or may have prejudiced the defendant in maintaining his defence upon the merits. On examining the testimony produced at the trial, it appears to be indisputable that the defect mentioned did not work such prejudice, for the defendant admitted that at the time of the alleged pretences he knew there was, on the lot referred to and other property, the mortgage for $30,000, on which the prosecution rested. No room for a suspicion of surprise exists.

There is also a rule of the common law which prevents a reversal of the judgment for this defect. The falsity of the pretence, although imperfectly stated, is distinctly averred, and must have been and, in fact, was proved at the trial; in such cases, the imperfect statement is cured by the verdict. *Heymann* v. *Queen, L. R.,* 8 *Q. B.* 102; *Queen* v. *Goldsmith, L. R.,* 2 *Cr. Cas.* 74; *Whart. Pl. & Pr.,* § 760.

The only other question in the case having sufficient substance to require mention is the reception of evidence offered by the state, that in April, 1898, the defendant conveyed to one Bumsted the lot respecting which, in November, 1897, he had made the alleged pretences.

The purport of the offence charged was that, by his pretences, the defendant, with intent to defraud Frederick H. Dressel of $100, had induced the latter to enter into a contract for the purchase of said lot and to pay the defendant $100 on account of the price.

On this charge it was necessary for the state to prove the fraudulent intent, and for this purpose we think the fact that, after the making of the contract, the defendant conveyed the property to a stranger was competent evidence. If such a conveyance has been made immediately after the execution of the contract and receipt of part of the price, the inference of an intent to defraud existing when the money was received would have been very strong. Of course, the probability of such an inference would become weaker as more time inter-

vened, but we cannot say, as matter of law, that the lapse of six months would destroy it. And although the defendant subsequently testified that he had protected the rights of Dressel in the conveyance to Bumsted, that testimony did not make the prior evidence of the conveyance illegal, but only, if believed by the jury, stripped the conveyance of any fraudulent aspect.

We find no error warranting the reversal of the judgment.

*For affirmance*—THE CHANCELLOR, DIXON, COLLINS, FORT, GARRETSON, BOGERT, HENDRICKSON, ADAMS, VREDENBURGH, VOORHEES. 10.

*For reversal*—KRUEGER. 1.