THE STATE OF NEW JERSEY v. EUGENE MURPHY.

Submitted March 22, 1902—Decided June 9, 1902.

Where, in an indictment for obtaining money under false pretenses, the representations alleged consist of a series of interdependent statements, the allegation of falsity must not be negatively pregnant, but sufficiently certain and specific to enable the person charged to intelligently prepare his defence.

On *certiorari* of indictment and motion to quash.

Before Justices DIXON and COLLINS.

For the state, *James S. Erwin,* prosecutor of the pleas.

For the defendant, *McEwan & McEwan.*

The opinion of the court was delivered by

COLLINS, J. The defendant moves to quash the indictment certified in this case, which was for obtaining money under false pretenses by inducing one August Doppe to cash for the defendant a paper-writing dated November 30th, 1899, purporting to be a check of one Sarah Lines on the First National Bank of Hoboken for $11.50, payable to the order of the defendant. The pretenses set forth were "that the said paper-writing was then and there a good and *bona fide* check and order for the payment of money of tenor and effect aforesaid, there and theretofore taken by the defendant in good faith from the drawer of said check."

The falsity of the pretenses was alleged in the following words: "Whereas, in truth and in fact the said certain paper-writing was not then and there a good and *bona fide* check and order for the payment of money of tenor and effect aforesaid, nor for the payment of any money whatsoever; nor had he [the defendant] there and theretofore, nor at any time and place, taken and received the said paper-writing purport-

ing to be a check as aforesaid from one Sarah Lines, drawer as aforesaid. All of which said pretense and pretenses as aforesaid he [the defendant] then and there well knew to be utterly untrue, false and unfounded in fact."

In our judgment this indictment is too uncertain to call on the defendant to plead to it. Both the common law and the constitution of this state exact that there shall be a description of the crime of which the defendant is accused and a statement of the facts by which it is constituted sufficient to identify the accusation so that the accused may prepare his defence. *State v. Spear,* 34 *Vroom* 179, and cases cited.

The general rule is that the indictment must state the facts of the crime with as much certainty as the nature of the case will reasonably admit, and that an indictment for false pretenses should negative the pretenses by such specific averment as will give the defendant notice of what he has to prepare to defend. *State v. Luxton,* 36 *Vroom* 605.

Where the pretense set up is affirmative and single, it is usually sufficient to merely allege its falsity, but where it consists of a series of interdependent statements the allegation of falsity should not be negatively pregnant.

In the indictment before us it cannot be told whether the state intends to prove that the check cashed was a forgery or drawn on a bank in which the drawer had no funds, or not taken in good faith from the drawer, or not received at all from the drawer, or even not of the tenor and effect represented; for it is not alleged that the person defrauded saw the check before paying his money. It is impossible for the defendant to learn from the indictment what state of facts he will be called upon to meet.

It is contended for the state that the allegation of false pretenses in this indictment may be treated as surplusage and the indictment held good under the one hundred and eighty-sixth section of the Crimes act (*Pamph. L.* 1898, *p.* 845), as charging the obtaining of money by color of a false token with intent to cheat or defraud. But the same difficulty will exist if this be attempted, for there is no allegation in the indictment from which it appears how the bank check referred to

was a false token—that is, whether it was a forgery or fraudulently drawn on a bank in which the drawer had no funds.

Let the indictment be quashed.