## No. 10,412.

## LASHAR v. THE PEOPLE.

Decided February 4, 1924.

Plaintiff in error was convicted of obtaining money under false pretenses.

### *Reversed.*

1.  CRIMINAL LAW—*Plea in Abatement—Grand Jury—Presumption.*
    A plea in abatement was filed in a criminal case alleging that
    the grand jury, which returned the indictment, had been
    summoned under an open venire, instead of drawing their
    names from the box.  It not appearing from the record that
    there were names in the box which could be drawn, and all
    presumptions being in favor of the action of the court, its
    ruling sustaining a demurrer to the plea is not disturbed.

2.  *False Pretenses—Indictment—Negative Pregnant.*  The alle-
    gations of false representations in an indictment for obtaining
    money under false representations, should be negatived posi-
    tively and distinctly.  A negative pregnant raises no issue, and
    is fatal to an attempted negation.

3.  *Indictment—Phraseology.*  The word "and" will not be in-
    terpreted as "or" in a criminal indictment or information, no
    evidence appearing that the word "and" was used inadvertently.

4.  *Trial—Jury Questions—No Evidence.*  Issues upon which no
    evidence has been taken, should not be submitted to the jury.

5.  *Proof.*  A criminal charge must be proved as laid, and it
    must appear that a conviction was upon the charge made, and
    no other.

6.  *Special Prosecutor.*  Permitting an attorney paid by private
    and interested parties to assist in the prosecution of a crim-
    inal case over the objection of defendant, held not error.

*Error to the District Court of Weld County, Hon. George
H. Bradfield, Judge.*

Mr. REES D. REES, Mr. ROBERT G. STRONG, for plaintiff
in error.

Mr. VICTOR E. KEYES, Attorney General, Mr. SAMUEL CHUTKOW, Assistant, Mr. RUSSELL W. FLEMING, Attorney General, Mr. HAROLD CLARK THOMPSON, Assistant, for the people.

*Department Three.*

MR. CHIEF JUSTICE TELLER delivered the opinion of the court.

PLAINTIFF in error was convicted of obtaining money under false pretenses, and brings error.

The indictment alleged that the accused was the manager, operator and controller of a certain oil syndicate, designated as Texo Oil Syndicate No. 2; and that on or about the 20th day of January, 1920, he, with intent to defraud one Stockover, did, knowingly "unlawfully, feloniously, falsely and fraudulently represent and pretend to said F. E. Stockover that the said J. E. LaShar had theretofore arranged and contracted for and in behalf of said Texo Oil Syndicate No. 2, for 4850 acres of oil and gas leases in Wichita County, Texas, at $27.50 per acre, being the actual cost for the purchase of said oil and gas leases from the former and bona fide owners thereof; that said 4850 acres of oil and gas leases arranged and contracted as aforesaid for and in behalf of said Texo Oil Syndicate No. 2, were located and situated in the vicinity of and near to the Electra, Iowa Park and Burkburnett oil fields, in said Wichita County, Texas; that under the system, plan and method of operation of said Texo Oil Syndicate No. 2, the total proceeds derived from the sale of said units to said F. E. Stockover were applied by said Texo Oil Syndicate No. 2 upon the payment for said 4850 acres of oil and gas leases in said Wichita County, Texas, without the deductions of any commissions whatsoever for the sale of said units, and without the deductions of any commissions whatsoever for the purchase and conveyance of said 4850 acres of oil and gas leases from the former owners to said Texo Oil Syndicate No. 2; whereas, in truth and in fact, as the

said J. E. LaShar then and there well knew, he, the said
J. E. LaShar, had not, on or about the 20th day of January,
A. D. 1920, and prior thereto, arranged and contracted for
4850 acres of oil and gas leases at $27.50 per acre, and for
any other sum per acre, in Wichita County, Texas; had
not on or about the 20th day of January, A. D. 1920, and
prior thereto arranged and contracted for 4850 acres of oil
and gas leases in the vicinity of Electra, Iowa Park and
Burkburnett oil fields in said Wichita County, Texas, at
$27.50 per acre, and for any other sum per acre; had not
then and there arranged and contracted for any oil and
gas lease whatsoever, in any part of said Wichita County,
Texas, at $27.50 per acre and for any other sum per acre;
that under the secret plan, system and method of operation
of said Texo Oil Syndicate No. 2, then and there devised,
controlled and determined by said J. E. LaShar, a manager
thereof, instead of said $1,000 check delivered as herein-
after set forth by said F. E. Stockover to said J. E. LaShar
for the use of said Texo Oil Syndicate No. 2, being applied
upon the payment of said 4850 acres of oil and gas leases,
said $1,000 was under said secret plan, system and method
of operation of said Texo Oil Syndicate arranged to be and
thereafter diverted by said J. E. LaShar from said use of
said Texo Oil Syndicate No. 2, and by him fraudulently ap-
plied to the personal use and benefit of said J. E. LaShar
and his divers associates."

The indictment further charges that said Stockover, re-
lying upon said representations and being deceived thereby
did, on or about the 20th day of January, 1920, deliver to
LaShar a check for $1,000 in payment for ten units in said
Texo Oil Syndicate No. 2.

The defendant filed a plea in abatement alleging that the
grand jury had been summoned under an open venire, and
that the officers made no drawing or selection by chance
from the regular jury box, or at all, of names to compose
the grand jury. The prosecution demurred to the plea and
the demurrer was sustained. The sustaining of the de-

murrer is one of the grounds of error relied upon here. As it does not appear by the record that there were names in the box from which the grand jury might have been drawn, and as all presumptions are in favor of the action of the court, it cannot be said that the court erred in overruling the plea.

Defendant also filed a motion to quash, which was overruled, as was a general demurrer to the indictment.

Upon the arraignment of the defendant, there was filed in his behalf written objections to the appearance of George A. Carlson for the people, the objection being that the district attorney and his deputy were in no sense disqualified to prosecute the case, that Carlson had filed no oath or bond, and that he was employed by private persons interested in the conviction and punishment of the defendant. Upon a hearing had upon these objections, said Carlson admitted that he had already received compensation from some witnesses whose names were endorsed upon the indictment, and that he expected to receive further compensation from them. The objection was overruled, and Carlson assisted in the prosecution throughout the case.

Another error urged is the court's overruling the demurrer to the indictment. In support of this proposition counsel assert that the indictment did not specifically negative the representations alleged to be false, and to have been relied upon. That they should be negatived positively and distinctly, is not open to question. The objection to the negation is that it follows, in each case, the literal words of the charge, and is therefore a negative pregnant, which raises no issue.

The attempted negations are: (1) The defendant "had not, on or about the 20th day of January, A. D. 1920, and prior thereto, arranged and contracted for 4850 acres of oil and gas leases at $27.50 per acre, and for any other sum per acre, in Wichita County, Texas. (2) Had not on or about the 20th day of January, A. D. 1920, and prior there-

to arranged and contracted for 4850 acres of oil and gas leases in the vicinity of Electra, Iowa Park and Burkburnett oil fields, in said Wichita County, Texas, at $27.50 per acre and for any other sum per acre. (3) Had not then and there arranged and contracted for any oil and gas lease whatsoever, in any part of said Wichita County, Texas, at $27.50 per acre and for any other sum per acre. (4) That under the secret plan, system and method of operation of said Texo Oil Syndicate No. 2, then and there devised, controlled and determined by said J. E. LaShar, a manager thereof, instead of said $1,000 check * * * being applied upon the payment of said 4850 acres of oil and gas leases, said $1,000 was under said secret plan, system and method of operation of said Texo Oil Syndicate, arranged to be and thereafter diverted by said J. E. LaShar from said use of said Texo Oil Syndicate No. 2, and by him fraudulently applied to the personal use and benefit of said J. E. LaShar and his divers associates."

The Attorney General urges that this question can not be considered; because, he says, the alleged defect in the indictment is one of form, and not of substance, and is to be reached only by special demurrer, while the demurrer filed was general.

We cannot agree with this proposition. A negative pregnant, under the decisions of this court, and of other courts of this country, raises no issue. *Grand Valley Irr. Co. v. Lesher,* 28 Colo. 273, 284, 65 Pac. 44; *Sweet v. Barnard,* 66 Colo. 526, 529, 182 Pac. 22; *Tate v. People,* 6 Colo. App. 202; 40 Pac. 471; *James v. McPhee,* 9 Colo. 486, 13 Pac. 535; *National Bank v. Meerwaldt,* 8 Wash. 630, 36 Pac. 763; *Coal Company v. Sanitarium Ass'n.,* 7 Utah 158, 25 Pac. 742; *Edgerton v. Power,* 18 Mont. 350, 45 Pac. 204; Bliss on Code Pleading, Sec. 332; 31 Cyc. 203. The question was fairly raised by the demurrer.

The Attorney General admits that the negations contained negatives pregnant, but contends that under our liberal system of construing indictments, these negations

should be considered sufficient. He contends, also, that the word "and" following the words "$27.50 per acre" should be construed "or", under a well settled rule that it will be so construed when it is evident that such was the meaning of the parties to the instrument.

He cites no authority to the effect that "and" may be interpreted as "or" in an indictment or information; and in view of the fact that the word "and" is thus used in each of three negations, it can hardly be supposed to have been used inadvertently.

That a negative pregnant is fatal to an attempted negation is clear, and it has many times been so held. 25 C. J. 628.

In *State v. Murphy*, 68 N. J. L. 235, 52 Atl. 279, the court said: "Where the pretense set up is affirmative and single, it is usually sufficient to merely allege its falsity, but where it consists of a series of interdependent statements the allegation of falsity should not be negatively pregnant." See also *Cunningham v. State*, 61 N. J. L. 666, 40 Atl. 696; *State v. Smith*, 8 Blackford, (Ind.) 489; *Redmond v. State*, 35 Ohio St. 81; *State v. Trisler*, 49 Ohio St. 583, 31 N. E. 881; and *People v. Griffith*, 122 Cal. 212, 54 Pac. 725.

In the last-named case it was held that the court erred in overruling a demurrer to the indictment, because the negation contained a negative pregnant. The alleged representation was that Griffith pretended that he was the owner of a certain ranch and had authority to lease and demise the same; the negation being that he "in fact and in truth was not the owner of and in the possession of the said * * * ranch, and had no authority or right to let, lease and demise the same." The court says of the negation: "It does not deny that defendant owned the land; nor does it deny that he was in possession; but it avers that in truth the defendant was not the owner and in possession. This might be so, and yet the defendant might have been the owner, and as owner have the right to lease the land, although not in possession."

The court further said: "The indictment must negative the presumption of innocence. If the allegations can be true and the defendant still be innocent, the presumption still prevails, and a verdict of guilty as charged would not constitute a conviction of a crime."

Much of the Attorney General's brief on this point ignores the fact, elsewhere conceded in the brief, that the location of the land was the only material representation upon which there was evidence of reliance, and of falsity. It was alleged to have been represented as being in Wichita county, Texas, but the negation does not deny that it was so located, if it cost some other sum per acre than $27.50, or that the syndicate had, for example, 4,849 acres in that county. The indictment was, therefore, insufficient in a matter of substance, and the demurrer should have been sustained.

Plaintiff in error urges, further, that the court erred in submitting to the jury the question of the falsity of the pretenses generally. In other words, the court submitted to the jury pretenses charged which were not shown to have been relied upon, or to have been false. This case comes within the well known rule that issues upon which no evidence has been taken should not be submitted; that their submission tends to mislead the jury, and leaves it a matter of doubt as to whether the defendant was found guilty of a matter upon which evidence was taken, or upon a matter upon which there was no evidence, or insufficient evidence to convict.

The prosecution contends that the defendant is foreclosed on this point because the objection was not made in the lower court. We find in the objections to this instruction, made in the trial court, that defendant's counsel pointed out that at least two matters submitted had not been made an issue, and were supported by no evidence.

Though there was evidence of the falsity of but one representation, the jurors were informed by this instruction that they could consider whether or not more of the pre-

tenses were false. It is not unreasonable to suppose that some of the jury might have understood that where there was proof of a pretense, and no evidence upon its truthfulness, they might conclude that it was false. That a criminal charge must be proved as laid, and that it must appear that the conviction was upon the charge made and no other, is too well established to require discussion. In this case it cannot be said that the jury found the defendant guilty of misrepresentation as to the location of the land, without having considered the other charges of false pretenses.

The objection that an attorney paid by private and interested parties ought not, over the objection of the defendant, to have been allowed to assist in the prosecution, is ably argued; but the other members of the department are of the opinion that no error was committed in that respect. The writer of this opinion, however, feels that in view of what this court has several times said as to the duty of district attorneys to be fair and impartial, and the certainty that an attorney prosecuting under private employment, in order to secure a conviction, will not be fair and impartial, such employment ought not to be permitted by the courts.

Because of the errors above named the judgment is reversed.

MR. JUSTICE CAMPBELL and MR. JUSTICE SHEAFOR concur.