Cowell *v.* Washburn.

## COWELL *v.* WASHBURN.

THE purchaser of property in San Francisco at a sale for the taxes of 1858 is not entitled to an injunction restraining a sale of the same property for the unpaid taxes of 1857.

Under the Revenue Law of 1854, the lien of the State for State and county taxes attached on the first day of March of each year, and continued until the tax was paid. Neither a failure by the officer to include a delinquent tax of one year with the tax of the subsequent year, nor a sale of the property for the taxes of the succeeding year divested the lien for the prior tax.

APPEAL from the Twelfth Judicial District.

The complaint shows, 1st. That the plaintiff is the owner in fee and in possession of the premises. 2d. That the defendant is Tax Collector of the City and County of San Francisco. 3d. That defendant, as Tax Collector, threatens to sell said premises for the taxes levied and assessed thereon to John Cowell (who was the owner of the premises) for the fiscal year ending on the thirtieth day of June, 1857, under the Act of March 22d, 1859. 4th. That the same premises were sold in March, 1858, for the taxes assessed thereon for the fiscal year ending June 30th, 1858, to James Ross, who paid the amount then due for taxes and took his certificate of sale, and that the lien of the State was thereby transferred to him. That this certificate was assigned to the plaintiff, to whom a deed was duly executed on the eighteenth of September, 1858. 5th. That by the terms of the act under which defendant is threatening to sell, any deed which he may give is made *prima facie* evidence of title. 6th. That it will not appear from said deed that the same property had been previously sold for taxes of a subsequent year, and that the sale and deed of defendant will cast a

cloud upon plaintiff's title. On this complaint, plaintiff applied for an injunction which was denied, and from this order he appeals.

*John Reynolds,* for Appellant.

I. The taxes of 1857 were necessarily and by operation of law included in taxes of 1858, and could not be separated. And the purchaser bought discharged of any previous lien of the State for taxes. (Statutes of 1854, 11, Sec. 96, Sub. 3. See also similar provisions in Statutes of 1857, 341, Sec. 46.) It is contended that the law does not provide that the taxes remaining delinquent shall become a part of the tax title for the next year, but that the officer shall add them, and that therefore the complaint should aver that they were so added. But what the law imposed upon the agents of the State, it is presumed was done. And then, again, the law only provides for and recognizes one lien for taxes as existing at the same time. And when the State sells and transfers her lien to a purchaser, she cannot withhold a part thereof and use it against the purchaser, any more than an individual could separate an entire lien and use a part of it against a purchaser to whom he had covenanted that he transferred to him all liens which he held. (Revenue Law of 1857, Secs. 32, 15, 20, 23; also, Statutes of 1854, 111, Sec. 96, Sub. 3.) These statutes enter into and form part of the contract of sale and purchase for taxes, and the State is bound to keep her covenants thus made. This was evidently the intention of the Legislature as appears from the last clause of Sec. 8, Laws of 1859, 125.

II. When a sale was made for the taxes of the fiscal year ending June 30th, 1858, the purchaser became invested with all the lien of the State, for taxes up to that time, or at least up to the end of the fiscal year for which the sale was made. And the purchaser took an absolute title fee from any prior lien of the State for taxes. (Statutes of 1857, Secs. above referred to; Id. 334, Sec. 23.)

III. The deed of the defendant under the sale which he proposes to make, would cast a cloud upon plaintiff's title. (Statutes of 1859, 126, Sec. 11; *Palmer* v. *Boling,* 8 Cal. 388; *Fremont* v. *Boling,* 11 Id. 387; *Pixley* v. *Huggins,* 15 Id. 132.)

Cowell *v*. Washburn.

*J. B. Felton*, for Respondent.

CROCKER, J. delivered the opinion of the Court—COPE, C. J. and NORTON, J. concurring.

This is an appeal from an order refusing to grant an injunction to restrain the defendant, who is Tax Collector of the City of San Francisco, from selling the property described in the complaint for taxes. The application was made on the complaint alone. The sale sought to be enjoined is for taxes due for the fiscal year ending June 30th, 1857, and the plaintiff alleges that he has a deed, executed in pursuance of a sale for taxes upon the same property due for the fiscal year ending June 30th, 1858. There is no averment that the taxes for 1856–7 have ever been paid, but the plaintiff contends that by his purchase and deed under the sale for taxes due the subsequent year he took the title of the property free from all prior claims for taxes; that the taxes of 1857 were necessarily and by operation of law included in the taxes of the subsequent year, and could not be separated.

It seems that the Tax Collector in this case is proceeding to sell under the provisions of the Act of March 22d, 1859 (Stat. of 1859, 123), the first section of which legalizes the tax list of the City and County of San Francisco for the fiscal year ending June 30th, 1857, and the second and third sections legalize the list for 1858 and 1859. Sec. 9 authorizes the Tax Collector to collect by sale any tax assessed in any of the lists mentioned in Secs. 1, 2, and 3, and, with the subsequent sections, provides how, and in what manner, the proceedings shall be conducted for enforcing the collection. Sec. 96 of the Revenue Law of 1854 (Stat. 1854, 112), provides that after the final settlement on the first day of March, all delinquent taxes " shall be placed in the tax list of the succeeding year." So the Revenue Law of 1857 provides, by Sec. 46, that the delinquent taxes shall be added by the Clerk of the Board to the succeeding assessment roll. The complaint in this case does not show whether the delinquent taxes for 1857 were thus placed or added to the tax list of the succeeding year or not.

Sec. 99 of the Revenue Law of 1854, provides that the lien of

34

the State for all taxes for State and county purposes shall attach on all real and personal estate on the first day of March, annually, " and such lien, to the absolute exclusion of all other liens, shall continue till all taxes thereon shall be paid," and it was under this law that the tax was assessed, to prevent the enforcement of which the injunction is asked.   This section clearly established a tax lien upon the property, which continued until the taxes were paid, and the purchaser under a sale for taxes levied in a subsequent year, took his tax title subject to this prior lien for taxes.   It is true, that these taxes, when delinquent, could and should have been put in with those of the succeeding year, and if again delinquent, the property could have been sold for the taxes of both years ; but if the officer upon whom the duty was imposed of thus placing it in the list of the succeeding year neglected to do so, such neglect did not divest or destroy the lien established by the law.   The law of 1859 clearly recognizes the separate existence of the taxes for each of the several years mentioned in Secs. 1, 2, and 3 ; but even if it had not, we do not conceive that it would make any difference.

The Court properly refused the injunction, and the order is therefore affirmed.