## SENECA WINTERS

### *v.*

## JAMES M. HAINES.

1. GOOD FAITH—*construction of, as used in limitation law of* 1839. The words "good faith," as used in the Statute of Limitations of 1839, must receive a practical, common sense construction, and a purchaser who buys and pays his money for land under the belief that he is acquiring title, acquires title in good faith, within the meaning of the statute.

2. The fact that a purchaser may err in judgment, or do an act that another, under like circumstances, might not do, is not enough to impeach

the good faith of the transaction, when the purchase is made with an honest purpose, although the real title is not acquired.

3. POSSESSION—*by tenant in common, when it becomes adverse.* Possession by a tenant in common is not adverse to his co-tenant so long as the relation exists, but when the one in possession obtains a deed from the other, and puts it upon record, and claims to own the fee, his possession becomes adverse to such co-tenant and those claiming under him, from that time.

4. A tenant in common in possession agreed with the attorney in fact of his co-tenant, who resided. in a distant State, to purchase the title of such co-tenant, and appointed a meeting with such attorney in fact, but upon advice of friends that there might be some question as to the title to be thus acquired, failed to keep the appointment, but remitted the purchase money directly to this co-tenant, and received a deed directly from him; but before such deed was executed, the attorney in fact executed and delivered to another party a deed for the interest of his principal in the land: *Held,* that the title acquired by the direct deed from the owner was acquired in good faith, and that the possession of the co-tenant was adverse after such deed was placed upon record and claim made under it.

WRIT OF ERROR to the Circuit Court of Sangamon county; the Hon. CHARLES S. ZANE, Judge, presiding.

Mr. W. L. GROSS, and Mr. N. M. BROADWELL, for the plaintiff in error.

Messrs. HAY, GREENE & LITTLER, for the defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of ejectment, brought by Seneca Winters, against James M. Haines, to recover an undivided tenth of a certain tract of land in Sangamon county. The defense relied upon in the circuit court was, possession and payment of taxes for seven years, under claim and color of title acquired in good faith, under the Statute of Limitations of 1839. The court, from the evidence, found the defendant protected under the act, and rendered judgment in his favor. The plaintiff sued out this writ of error, and claims that defendant's title was not acquired in good faith, and that his possession was not adverse. The land in question originally belonged to defendant's father, who occupied it as a farm. He died intestate in 1850 or 1851. He left surviving him a widow and ten

children, of whom Francis A. Haines was one, and the defendant was another. The widow and the defendant continued to reside upon the farm until 1861, when the widow died. Before her death, the defendant had acquired the interest of all the heirs in the land, except one or two, which he acquired afterwards. The interest of Francis Haines, which is involved in this litigation, the defendant contracted for in 1853, and received a bond providing for the conveyance of the land upon the payment of $200, payable December 1, 1854. Francis resided in Oregon. In April, 1857, Mrs. Susan Clark, a married woman, called upon the defendant with a power of attorney from Francis, authorizing her to sell and convey his interest in the land, and proposed to deed to him upon the payment of the $200. The defendant agreed to meet Mrs. Clark in Springfield on the next day, and close up the matter. He went to Springfield, but, upon consultation with a friend, he was advised, as Mrs. Clark was a married woman, there might be trouble in taking a deed through her, and that he had better send the money direct to his brother in Oregon, and get the deed from him. A deed was prepared and sent, with a draft for $200, on the 21st day of April, 1857. This deed was executed by Francis A. Haines, and acknowledged in Oregon, on the 16th day of June, 1857, returned to defendant by mail, and recorded August 21, 1857. After sending the deed and draft, the defendant did not meet Mrs. Clark to arrange the matter, as he had agreed. It also appears that another meeting was agreed upon between defendant and Mrs. Clark, which he failed to attend, nor did he inform her he had sent the money to his brother to pay for the land. Mrs. Clark, therefore, on the 27th day of April, sold the land to the plaintiff, and on that day, as the attorney of Francis A. Haines, conveyed the land to him. This deed was recorded June 3, 1857.

The defendant, since he obtained the deed of his brother in 1857, has been in the actual possession of the land, claiming the fee to the entire tract, and has each year paid all taxes assessed thereon.

Did the defendant acquire title of his brother in good faith, or does the evidence show the deed was made in bad faith? It is, no doubt, true that the defendant concealed from Mrs. Clark the fact that he had sent the money for the land to his brother, and was endeavoring to obtain a deed direct from him, and it may be that his conduct was not commendable in failing to meet his engagements with her, but such facts do not show that he acquired title to the premises in bad faith. He had been advised there might be trouble if he took a deed through Mrs. Clark, as she, at the time, was a married woman. The advice given may not have been well founded, yet the defendant relied upon it, and, with an honest purpose of obtaining a good title to the land, sent the money to his brother, and obtained a deed direct from him. The evidence, instead of proving bad faith on the part of defendant, tends to show he was acting honestly, with a *bona fide* purpose of obtaining a good title to the property. Here were two channels open to the defendant to obtain the title: one, by taking a deed through an attorney in fact, the other, by getting a deed direct from the owner. The amount of money to be paid in either case was the same. The former course defendant was advised to avoid, because it was unsafe. Under this advice, the latter plan was selected. Now, while the defendant may have erred in judgment, and failed to avail of the most judicious method of obtaining the title, yet we perceive no ground to question his honesty of purpose or good faith in the transaction. The words "good faith," as used in the statute, must receive a practical, common sense construction. The statute was intended to protect a purchaser of land who bought and paid his money under the belief that he was acquiring title. This is the construction it has heretofore received, and it is undoubtedly correct. *Woodward* v. *Blanchard*, 16 Ill. 424; *Rawson* v. *Fox*, 65 Ill. 200.

The fact that a purchaser may err in judgment, or do an act that another, under like circumstances, might not do, is not enough to impeach the good faith of the transaction. Where the purchase is made with an honest purpose, although

the real title is not acquired, the good faith can not be questioned.

The plaintiff, however, contends, if it be conceded the purchase was made in good faith, that the defendant's possession was not adverse; that he occupied the relation of a co-tenant to the plaintiff.

Prior to the defendant's purchase, he, no doubt, occupied the relation of a co-tenant to Francis A. Haines, and so long as that relation existed, the possession and payment of taxes, however long continued, could not be relied upon as a bar to a recovery. In such cases, the Statute of Limitations does not apply; but when the defendant bought of his co-tenant, acquired a deed, placed it upon record, and claimed to own the fee, his possession from that time became adverse. From that moment, the defendant's possession became hostile to Francis A. Haines, or the plaintiff, who claimed from or under him. The evidence shows an undisputed possession of the entire tract of land, under a deed of record, with payment of taxes, and an assertion of ownership, for twelve or fourteen years before suit was brought, and we are aware of no acts which would more clearly establish adverse possession than these. Angell on Limitations, sec. 390, says: "The clearest and most comprehensive definition of disseizin and adverse holding, perhaps, is an actual, visible and exclusive appropriation of land, commenced and continued under a claim of right." See also, *Cook* v. *Norton*, 48 Ill. 20. When the defendant acquired a deed of his co-tenant, and placed it upon record, and avowed ownership in himself, the relation previously existing between him and his co-tenant, as to the possession, ceased. He then occupied as the grantee of his brother, and not conjointly with him; and, although the title he acquired may not have been paramount, yet it was color of title made in good faith, and seven continuous years' possession and payment of taxes, under it, was sufficient to bar a recovery.

The judgment of the circuit court was correct, and it must be affirmed.

*Judgment affirmed.*