[No. 6192.]

PARKER ET AL. v. BETTS ET AL.

1. **Appeals—Findings on Conflicting Evidence**—The findings of the trial court upon conflicting evidence are conclusive in the court of review.—(430)

2. **Limitations—Color of Title—Good Faith**—A deed void for the incompetency of the grantor may be color of title. The insanity of the grantor, even although known to the grantee at the time of accepting the conveyance, is not conclusive of bad faith on the part of the latter.—(430)

Where the grantee paid an adequate consideration, was guilty of no imposition, honestly believed that the grantor was competent, and that he was obtaining the title, and followed the acceptance of the deed by actual possession and payment of taxes for the period of the statute, he was held entitled to the protection of the statutory limitation.—(431)

3. **Cases Overruled, Distinguished or Explained** — Gomer v. Chaffee, 6 Colo. 314, distinguished.—(430)

*Appeal from Fremont District Court* — Hon. MORTON S. BAILEY, Judge.

Mr. J. J. McFEELEY, for appellant.

Mr. JAMES T. LOCKE, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

This is an action by the heirs at law to cancel a deed of conveyance of real property by their ancestor grantor on the grounds that he was a lunatic when that instrument was signed, and that defendants, the grantees, secured it by perpetrating a fraud upon him. In their answer defendants deny these charges and in an affirmative defense allege title in themselves vested under our seven years statute of limitations.—Sec. 2923e, 3d Mills' Rev. Supp; sec. 4089, Rev. Stats. 1908. To prove the mental incapacity plaintiffs produced a judicial determination of the grantor's lunacy, and showed that no court had thereafter adjudged him restored to reason, and supplemented the record proof by oral evidence of a continuation of the incompetency down to and including the time when the deed was made. Defendants produced oral evidence of the grantor's state of mind, covering the same period, which tended to show him sane, and both parties introduced evidence on the issue of fraud. The trial court specifically found that the grantor was sane when the deed was made; that defendants gave a fair and adequate consideration for the land conveyed, and did not commit any fraud upon the grantor; but, on the contrary, said the transaction was characterized by good faith on their part. We shall not enter upon inquiry whether these findings as to sanity are sustained by the evidence. The record presents some interesting and important questions on that issue in the case, which

are argued with ability by counsel. There was no adequate proof of fraud, but the court's finding on that issue for defendants is right, and conclusive on us. Because defendants' plea of title, under the statute of limitations, is so clearly established by the uncontradicted evidence furnishes the reason for not considering the lunacy issue.

The deed in controversy was executed in February, 1896. The defendants, who were the grantees, at once took, and ever since have been continuously in, possession of the land conveyed. They have paid all taxes legally assessed thereon during all of this time. Plaintiffs are inclined to concede that if defendants' possession was under claim and color of title in good faith, the statute would bar their action. Even without this concession we would have no difficulty in reaching the same conclusion, for all the other essential elements of title under the statute— paper title, seven years' actual and continued possession, and payment of all taxes—are established by the uncontradicted evidence. Plaintiffs' contention. is that claim and color of title made in good faith was. not shown, because possession under a void deed constitutes neither color of title nor good faith. In *Gomer v. Chaffee*, 6 Colo. 314, cited by plaintiffs, it was said that a void deed is not color of title, under the particular statute of limitations there under consideration, which is entirely different from the one upon which defendants are relying. This court has repeatedly held that a void deed may constitute color of title under a statute like that now before us.— *De Foresta v. Gast*, 20 Colo. 307; *Bennett v. North Colo. Springs Land & Imp. Co.*, 23 Colo. 470; *Knight v. Lawrence*, 19 Colo. 425; *Brinker v. U. P. D. & G. Ry. Co.*, 11 Col. App. 166; see also *Keener v. U. P. Ry. Co.*, 31 Fed. 126; *Griswold v. Butler et al.*, 3

Conn. 227, 245. The fact that the deed was void, for the reason given, does not of itself make the grantees guilty of bad faith in accepting and taking possession under it. Mere knowledge by a grantee of such illegality is not sufficient to prove bad faith. There must be some other evidence of it. If the grantee is willing to, and does, part with his money, and gives an adequate consideration for the subject-matter of the conveyance, and honestly believes he is getting a good title, and is guilty of no frand, and follows it by actual possession, exercises acts of ownership and pays all the taxes for the requisite length of time, it may well be said that his claim of title is in good faith, even though his deed is a void instrument.— *Smith v. Ferguson,* 91 Ill. 304; *Winters v. Haines,* 84 Ill. 585. The trial court found, and the evidence sustains the finding, that these defendants paid a fair and adequate consideration for the land conveyed by the deed which is here attacked. They perpetrated no fraud upon the grantor. They supposed they were getting a good title and believed the grantor was mentally competent to make the conveyance. One of the defendants was the daughter, the other the son-in-law, of the grantor. During the same period of time when plaintiffs say the grantor was a lunatic, one of them, the grantor's son, took from his father a deed of conveyance of real property, as did another of the sons. It would seem from the evidence that the family generally considered the grantor mentally competent to transact business and make conveyances. Acceptance by one of the plaintiffs of a deed from the grantor does not, of course, make good the deed under which defendants claim, if the grantor was then incompetent. But it is at least some evidence tending to show the good faith of defendants in accepting the deed to themselves.

The grantor died in November, 1896, within nine months of the time he executed this deed to defendants. The evidence tends to show that one of the plaintiffs knew of its execution before his father died and within a few months after its date. If the grantor was insane when he made the deed and continously thereafter until his death, of course the statute of limitations would not run as against him during his lifetime. At his death, under our laws in the absence of a will, his real property descended at once to his heirs, subject only to the payment of his debts. The heirs might then make an entry upon it, and their right at once accrued to question the validity of their ancestor's deed. They took no steps, however, in this direction until the present action was begun in February, 1906, which was more than nine years after their ancestor's death. The court, upon the evidence, found that, as a matter of fact, defendants entered into possession of the land conveyed under claim and color of title in good faith and there is no evidence to the contrary, unless it can be said the mere fact that the deed was void is evidence. Under our own decisions this deed was color of title and under the uncontradicted oral evidence defendants took the deed and went into possession under claim and color of title in the utmost good faith, believing that they were getting a good title, and paid the prescribed taxes. Being of the opinion that the plea of the statute of limitations is sustained we must affirm the judgment.                    *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE MUSSER concur.