## No. 9836.

### BENNETT *v*. CITY AND COUNTY OF DENVER.

Decided March 7, 1921. Rehearing denied May 2, 1921.

Action to quiet title. Judgment for defendant.

*Reversed.*

1. TAXATION—*Tax Sale—City Special Assessments.* A valid tax sale

cuts off prior liens for special assessments made by the city.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. JAMES W. MCCREERY, Mr. DONALD C. MCCREERY, for plaintiff in error.

Mr. JAMES A. MARSH, Mr. GEORGE Q. RICHMOND, for defendant in error.

Messrs. PERSHING, NYE, FRY & TALLMADGE, Mr. PHILIP MOTHERSILL, Amici Curiae.

*En banc.*

MR. JUSTICE TELLER delivered the opinion of the court.

PLAINTIFF in error, holding lands under a deed issued on a sale for general taxes in 1915, brought suit to quiet title, and made the City and County of Denver defendant.

The latter, in answer, claimed liens on the property in question under sales for unpaid special assessments made in 1909 and 1913, respectively. The defendant in error claims that the liens resulting from these sales are superior to the lien of plaintiff. Such superiority is alleged to result from a provision of chapter 197 Laws 1911, which reads as follows:

"Taxes levied upon any real estate shall be a perpetual lien upon such real estate, until such taxes and any penalty, charges and interest which may accrue thereon shall be paid, and such liens shall have priorty over all other liens except such liens as then exist which have been created by special assessments for public improvements."

Plaintiff in error relied upon Section 301 of the Charter of the City and County of Denver, which is as follows:

"All assessments made in pursuance of this article shall be a lien in the several amounts assessed against each lot or tract of land, from the publication of the assessing ordinances and shall have priority over all other liens except general taxes."

The court held that the law of 1911 applied, and rendered judgment for the defendant. The correctness of that conclusion is the question which we are to determine.

We do not find it necessary to determine whether the law of 1911 or the charter provision quoted gives the superior lien. The lien of plaintiff in error results from a sale for the general taxes of 1914. The liens claimed by the city accrued under assessments of an earlier date. The general rule is that the sale under the later lien cuts off the earlier liens. 37 Cyc. 1477. Applying that rule to the facts of this case, it appears that the trial court was in error in finding that the city's lien was paramount to that of the plaintiff.

The judgment is reversed and the cause remanded with directions to enter judgment for the plaintiff.

MR. CHIEF JUSTICE SCOTT not participating.