No. 10,013.

WHITEHEAD *v.* DESSERICH.

Decided March 6, 1922.   Rehearing denied May 1, 1922.

Action to quite title.   Judgment for plaintiff.

*Affirmed.*

1. APPEAL AND ERROR—*Objections not Raised Below.*   Where defendant amended his answer accepting the issue tendered by an amended reply, which issue was tried without objection upon his part, assignment of error based on the ruling of the trial court permitting the filing of the amended reply, not sustained.

2. TAXES AND TAXATION—*Lien—Sale.*   A tax sale cuts off the lien of any earlier levied tax.

3.   COLOR OF TITLE—*Tax Deed*. A deed purporting to convey title
     may be defective, convey no title, and yet give color of title.

4.   REAL PROPERTY—*Title—Possession and Payment of Taxes*. Exclu-
     sive possession of land under color of title and payment of taxes
     for seven consecutive years constitutes a good title.

*Error to the District Court of Jefferson County, Hon.
Samuel W. Johnson, Judge.*

Mr. W. H. WHITEHEAD, *Pro se.*

Mr. A. C. PATTEE, for defendant in error.

*Department One.*

MR. JUSTICE TELLER delivered the opinion of the court.

DEFENDANT in error had judgment in a suit to quiet title
in which the plaintiff in error was the only defendant who
appeared and answered. The parties will be designated
as in the trial court.

The complaint alleged plaintiff's ownership and posses-
sion, and that the defendants asserted some interest or
claim in the land in question, and prayed that the defend-
ants might be required to set forth the nature of their
claims, etc.

Defendant Whitehead answered denying the plaintiff's
title and possession, and alleging that defendant had a lien
upon the property by virtue of tax certificates on sales for
taxes for the years 1895, 1896 and 1897; and alleged fur-
ther that he had paid the taxes for the year 1898. The
defendant prayed that if the plaintiff be found entitled to
the property as against the defendants other than White-
head, he should be required to redeem from the several
sales and the payment made by said defendant.

Plaintiff replied admitting the ownership of the tax cer-
tificates and the payment of the tax for 1898, but denied
that defendant had any right to require the plaintiff to
redeem from said sales, and denied that the certificates
were liens upon the real estate.

This reply was filed on May 11, 1918. Thereafter, a mo-

tion to strike a part of the reply was filed, and said part was withdrawn by stipulation of the parties. On November 9, 1918, plaintiff asked leave to amend his reply, which leave was granted. He thereupon amended his reply by alleging that he had been for more than seven years, prior to the commencement of the suit, in the actual possession of the said lands, under claim and color of title, made in good faith, and that for more than the said seven years, while in such actual possession, he had in good faith paid all the taxes assessed against said land, and that his possession was open, adverse, peaceable and exclusive during said period.

Motion to strike that part of the reply which sets up the statute of limitation and possession thereunder was denied.

On December 28, 1918, defendant filed an amendment to his answer in which he alleged that the claim of ownership and possession by the plaintiff was based upon four tax deeds, issued to the plaintiff for unpaid taxes for the year 1899, and that said taxes were not legally levied. The answer points out various alleged defects in the conduct of the sale for taxes.

A demurrer to the amended answer was overruled. On trial to the court, the court found that the plaintiff had sustained his allegations of possession and payment of taxes under color of title, made in good faith for more than seven years, and entered judgment in his favor.

The first error argued is in the ruling of the court upon the application to file an amendment to the reply. Counsel urge that it was not filed in apt time. We think the objection not well taken in view of the action of the defendant in amending his answer after the amended reply was filed, in which answer he accepts the issue tendered by the reply, and attacks the tax deed under which the plaintiff claimed color of title. The issue thus made was tried without objection by defendant.

The next assignment of error is that the court erred in not recognizing defendant's certificates of sale as giving him a perpetual lien which could not be destroyed by a sub-

sequent sale. This ignores the rule that a tax sale cuts off the lien of any earlier levied tax. *Bennett v. City & County of Denver,* 70 Colo. 77, 197 Pac. 768. Were the defendant's theory to be accepted, the state would, in many cases, be unable to collect its taxes by a tax sale, since the buyer must pay all back taxes, or redeem from all tax sales.

It is further urged that the court erred in holding plaintiff's tax deed to section 21 sufficient to give color of title. Counsel offered evidence from the records of the county which he claimed showed that the tax deed was irregularly issued. That evidence, however, was wholly immaterial. The only question to be determined is, did the tax deed give color of title. Counsel for plaintiff in error has confused the question as to what is sufficient in a tax deed as evidence of title, and the very different question of what kind of a deed gives color of title. That a deed may be defective, and convey no title at all and yet give color of title is established beyond question. See *Schlageter v. Gude,* 30 Colo. 310, 70 Pac. 428; *Parker v. Betts,* 47 Colo. 428, 107 Pac. 816, and cases cited. This deed complied with the rule in that it purported to convey title, and the defects upon which counsel now insist do not appear on the face of the deed.

The trial court did not err in admitting it and holding it sufficient to give color of title. The evidence that plaintiff had been in the exclusive possession of the property for more than seven consecutive years, during which time he had paid all the taxes assessed against the property, and that he held under the deed in good faith, is uncontroverted.

The judgment is accordingly affirmed.

MR. JUSTICE ALLEN and MR. JUSTICE DENISON concur.