No. 10,684.

CITY OF BOULDER *v.* PLAINS LOAN, REALTY AND INVESTMENT CO.

Decided March 3, 1924.

Suit in ejectment. Judgment for plaintiff.

*Affirmed.*

1. EJECTMENT—*Possession.* In a suit in ejectment, if the defendant does not disclaim, it is not necessary that the plaintiff prove possession in defendant. He may maintain the action although the tract in question is vacant.

2. PLEADING—*Answer—Denial.* An answer which denies, for want of information, a matter of record, such as the incorporation of plaintiff, is an admission.

3. *Answer—Negative Pregnant.* An attempted denial of allegations of a complaint in ipsis verbis and in the conjunctive, negatives pregnant, amount to admissions.

4. EJECTMENT—*No Issue.* In a suit in ejectment, there being no issue raised by the answer, the title of plaintiff must be taken as perfect, subject to pleaded liens, if any.

5.   TAXES AND TAXATION—*General Taxes—Municipal Improvement Assessments.*  A tax sale for general taxes cuts off a previous lien for city improvement assessments.

*Error to the District Court of Boulder County, Hon. Neil F. Graham, Judge.*

Mr. FRANK L. MOORHEAD, for plaintiff in error.

Mr. KENNETH E. GRANT, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE defendant in error was plaintiff below.  It brought and won a suit in ejectment against the city of Boulder and others.  All the others defaulted and the city brings the case here for review.

The plaintiff in error claims the suit was one to quiet title, but it is clearly ejectment both in substance and prayer, and since defendant did not disclaim, the plaintiff did not need to prove possession in defendant, but could maintain the action although the lot in question was vacant. Code 1921, §§ 286 and 296; *Bennett v. Rohan,* 73 Colo. 551, 554, 216 Pac. 1052.  The complaint was in five paragraphs: The first alleged incorporation of plaintiff; the second incorporation of the city of Boulder; the third certain evidential matters that ought to have been left out; the fourth "that plaintiff is the owner in fee simple and entitled to the immediate possession" of the lot in question; and the fifth "that the defendants and each of them wrongfully and unlawfully withholds possession of said real estate, and wrongfully and unlawfully continues to exercise acts of ownership over the same."

The answer denied the plaintiff's incorporation only in the statutory form, for want of information sufficient, etc., which upon a matter of record such as incorporation, is an admission.  *Fravert v. Fesler,* 11 Colo. App. 387, 53 Pac. 288; *Smith v. Stubbs,* 16 Colo. App. 130, 63 Pac. 955; *Johnson v. Walker, etc., Co.,* 68 Colo. 160, 187 Pac. 1029.  It admitted the incorporation of the defendant, denied the alle-

gations in paragraph 3, which were not traversable, and attempted to deny the allegations in 4 and 5, in *ipsis verbis,* and in the conjunctive, negatives pregnant, which amounted to an admission. *Mastin v. Bartholomew,* 41 Colo. 328, 92 Pac. 682; *Sweet v. Barnard,* 66 Colo. 526, 182 Pac. 22; *A. T. & S. F. R. Co., v. Sullivan,* 173 Fed. 456, 459, 97 C. C. A. 1; *Ex parte Wall,* 107 U. S. 265, 275, 2 Sup. Ct. 569, 27 L. Ed. 552. See also *LaShar v. People,* 74 Colo. 503, 223 Pac. 59, decided at the present term. There were therefore no issues raised by the answer and the title of the plaintiff must be taken as perfect, subject, if to anything, to the liens stated in the second defense.

In its second defense the city claimed that it had a lien for city improvement assessments superior to the title of the plaintiff, which was a tax title based on a sale for general taxes levied after the city's lien had attached.

The trial court was of the opinion that the tax sale for the general tax cut off the previous lien and so gave judgment for plaintiff. Whether this was right is the real question in the case, and it seems to be foreclosed by the case of *Bennett v. Denver,* 70 Colo. 77, 197 Pac. 768. See also *Whitehead v. Desserich,* 71 Colo. 327, 206 Pac. 384.

Counsel for the city urges with great force that the statute (S. L. 1911, p. 565, C. L. § 7179), expressly makes general taxes subject to liens for special assessments, but in the case of *Bennett v. Denver* all those arguments were made with equal force. We feel compelled to abide by that decision and regard it as *stare decisis.*

Judgment affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE WHITFORD concur.