No. 14,391.

FISHEL *v.* CITY AND COUNTY OF DENVER.
(95 P. [2d] 1)

Decided October 9, 1939.   Rehearing denied October 30, 1939.

Mr. HOWARD T. ROEPNACK, for plaintiff in error.

Mr. MALCOLM LINDSEY, Mr. THOMAS H. GIBSON, for defendant in error.

*En Banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appear here in the same order as in the trial court. They are hereinafter referred to as plaintiff and the city respectively.

Plaintiff, alleging ownership and possession, sued to quiet title to three lots in Denver. The city answered that plaintiff's alleged title rested upon a tax deed issued on a sale for general taxes; that the city had prior liens for special improvement taxes; that plaintiff's deed was prematurely issued; and that the lots were vacant and unoccupied. Issue was joined by replication. The city moved for judgment on the pleadings and plaintiff to amend his replication. Plaintiff's amendment was filed, the city's motion then granted, and judgment entered accordingly. To review that judgment plaintiff prosecutes this writ.

The assignments raise only the question of the priority of lien as between these general and special improvement taxes. This question, we think, must be resolved in favor of plaintiff under the rule of stare decisis, to which it is particularly applicable. So resolved several collateral points, argued or suggested, might properly be ignored. To three of these, however, we give passing notice.

■ 1. We accept as true all material allegations of complaint and replication properly pleaded. Such is the invariable rule. *Rice v. Bush,* 16 Colo. 484, 27 Pac. 720.

■ 2. It is strenuously insisted that the city's claim is foreclosed by its own charter and ordinances. Answering this contention the city stands upon a statute which

it says governs. Since we think the statute, as long since interpreted, is also against the city no examination of charter and ordinances is necessary.

█ 3. Less than three years and three months intervene between the date of plaintiff's certificate and that of his tax deed, hence, says the city, it appears that the deed was prematurely issued. The identical question has recently been otherwise resolved by this court. *Knutson v. Dickson,* 105 Colo. 42, 94 P. (2d) 691.

█ 4. For the priority of its lien the city relies upon section 3, chapter 142, volume 4, '35 C.S.A., page 712, which provides that the lien of general taxes shall be "perpetual," and "have priority over all other liens except such liens as then exist which have been created by special assessments for public improvements." Construing that statute we held that a lien created by a sale for general taxes of 1914 was superior to that of special assessments for 1909 and 1913. *Bennett v. Denver,* 70 Colo. 77, 197 Pac. 768. Thereafter the rule was followed and the reason for it stated. *Whitehead v. Desserich,* 71 Colo. 327, 206 Pac. 384. Again we held the question stare decisis and refused to re-examine it. *Boulder v. Plains Co.,* 75 Colo. 86, 224 Pac. 233. It is, however, the position of the city that these authorities have been later overruled and the contrary established. *People v. Denver,* 85 Colo. 61, 273 Pac. 883. That position is untenable for several reasons. The Bennett, Whithead and Boulder cases are not mentioned in *People v. Denver.* While the opinion in the latter contains a statement which assumes the correctness of the city's present position it is dictum. The controversy concerned only the priority of lien as between gasoline taxes and general taxes. The act there under consideration expressly declared the gasoline tax "a first and prior lien against that property." Moreover, no question of priority in time was there involved because the two classes of taxes were for the same period.

The rule of the Bennett case was declared by a unani-

mous decision of the court en banc. For almost twenty years, if not from the beginning, it has been a rule of property in this jurisdiction. Doubtless vast sums have been collected and expended under it and numerous titles rest upon it. We decline to dig into such foundations.

The judgment is reversed and the cause remanded for further proceedings in harmony herewith.

MR. JUSTICE FRANCIS E. BOUCK not participating.