No. 17,584.

MICHAEL F. O'REILLY, ET AL. *v*. ADA D. BALKWILL.
(297 P. [2d] 263)

Decided May 14, 1956.

Messrs. BOYLE & WITTY, Mr. MACK WITTY, Messrs. GRANT, SHAFROTH & TOLL, Mr. CHARLES H. HAINES, JR., for plaintiffs in error.

Messrs. SEAVY & SEAVY, for defendant in error.

*En Banc.*

MR. JUSTICE BRADFIELD delivered the opinion of the Court.

PLAINTIFFS in error, who were plaintiffs below, seek review of a judgment of the district court declining to quiet title of plaintiffs in certain placer claims and tracts of land in the Hope Mining District, Lake County, Colorado, which the parties identify in their briefs as the "Placer Claims," the "O'Reilly Tract" and the "Hill Tract," but since plaintiffs O'Reilly claim title through conveyance from plaintiff Hill, we shall for convenience refer to them as the Placer Claims and the Hill Tract, and to the parties as plaintiffs and defendant, as they appeared in the trial court. The complaint named some fifty persons, with unknown parties, as defendants; all of whom were served personally or by publication. The only defendant to appear in the proceedings was Ada D. Balkwill who filed an answer and later an amended answer. Default was entered as to all other defendants.

The complaint alleges that the plaintiffs are the owners and in possession of the Placer Claims and Hill Tract

and that the defendants claim some right or interest therein adverse to the plaintiffs. Defendant Ada D. Balkwill, by her amended answer, claims ownership of a fractional interest in certain of the property and denies the ownership or possession of the plaintiffs therein; she does not ask for affirmative relief of any kind or an adjudication of her rights or interest in the property and upon the trial offered no proof thereof. Defendant contents herself with a prayer that plaintiffs take nothing by their complaint. The court entered findings that plaintiff Hill was entitled to a decree quieting title in him of a part of the Asteroid Placer, that plaintiffs had failed to show title or color of title to the remaining Placer Claims or the Hill Tract, and entered its judgments accordingly. Motion for a new trial was dispensed with. Plaintiffs are here on writ of error to reverse that part of the court's judgment so entered against them.

Each of the several properties is divided into fractional interests with differing and intermingling chains of title. The facts as disclosed by the record, though somewhat obscure and confused, reveal the following:

On September 25, 1929, title to all the property involved was held of record by one Frank Zaitz, Sr., who on that day executed two declarations of trust, in one of which it was declared and recited that certain described lands in the Hope Mining District of Lake County, Colorado, being the Hill Tract here involved, were held by him in trust for the use and benefit of Frank Zaitz, Jr., and Clyde Balkwill, each of whom was entitled to a quit claim deed for an undivided one-half thereof. In the other declaration it is recited that seven placer mining claims, identified by United States survey numbers, were held by him in trust for the use and benefit of Clyde Balkwill and and Frank Zaitz, Jr., each of whom was entitled to a quit claim deed for an undivided one-third thereof; he apparently reserved the remaining one-third of these placer mining claims to himself. A quiet title suit brought by Frank Zaitz, Sr., on August 4, 1930, although

subsequent to the two recorded declarations of trust, did not affect the rights of the beneficiaries of these trusts, they not being parties to the action.

Frank Zaitz, Sr., died May 28, 1936, leaving a will by which, after certain money bequests, the remainder of his property was bequeathed one-half to his wife, Mary Zaitz, and the remaining one-half in trust to his wife, Mary Zaitz, Joseph Kerzon and Q. D. Bonner for six years. The trust was to terminate at the end of six years and the trust property converted into cash and distributed, one-half to the wife, Mary Zaitz, and · the remaining one-half to Angelina Kerzon, Joseph Kerzon and Ruth Rutkey in equal shares. The relationship of these parties to the testator, except that of the widow, does not appear. Whether the will of Zaitz, Sr., was ever admitted to probate, or its terms complied with, remains in doubt, the only evidence in respect thereto being vague references appearing in the abstracts of title received in evidence.

It is alleged and not disputed that Frank Zaitz, Jr., died intestate July 6, 1934, leaving as his heirs at law, his widow Mary Zaitz, sometimes referred to as Mary Zaitz, Jr., two sons, Frank Zaitz III, and Robert James Zaitz, and a daughter, Mariam June Zaitz. It is also alleged and admitted that Clyde Balkwill died intestate November 19, 1937, leaving as his only heir at law his widow, Ada D. Balkwill, the answering defendant herein.

By a quit claim deed dated January ...., 1952, acknowledged January 23, 1952, and recorded September 3, 1952, the heirs of Frank Zaitz, Jr., that is to say, Mary Zaitz (Jr.), Frank Zaitz III, Robert James Zaitz and Mariam June Zaitz, conveyed all of their interest in the Hill Tract and Placer Claims to the plaintiff Edward E. Hill.

By several quit claim deeds executed in the years 1944 and 1945 Angelina and Joseph Kerzon as the surviving devisees or beneficiaries under the will of Frank Zaitz, Sr., conveyed to the plaintiff Hill the lands and placer claims involved.

On August 2, 1946, by a sheriff's deed based upon a judgment against Ada D. Balkwill, the plaintiff Hill claims to have acquired most of the interest of Clyde Balkwill in the lands and placer claims. The validity of this sheriff's deed is challenged by defendant Balkwill on the ground that the published notice of the sale was defective.

The trial court in its findings of fact concluded that the several quit claim deeds mentioned did not amount to color of title in the plaintiffs and that the proof of possession was insufficient to permit their acquiring title under the provisions of C.R.S. 1953, 118-7-8, and further, that plaintiffs being charged with knowledge of the declarations of trust we have mentioned did not acquire title in good faith and declined to quiet plaintiffs' title to any but a small fraction of the property in controversy.

Plaintiffs urge four grounds for reversal:

1. That the quit claim deeds from Angelina and Joseph Kerzon conveyed record title to an undivided one-third interest in the Placer Claims.

2. That the quit claim deed from the heirs of Frank Zaitz, Jr., conveyed record title to an undivided one-third interest in the Placer Claims and to an undivided one-half interest in the Hill Tract.

3. That the sheriff's deed of July 31, 1946, conveying an undivided one-fourth of the Hill Tract and an undivided one-third of the Placer Claims, constituted color of title, and by plaintiffs' subsequent possession and payment of all taxes assessed for the required period ripened into full title prior to August 26, 1953.

4. That the quit claim deeds from Joseph and Angelina Kerzon in 1944 and 1945 covering all the property involved were color of title and that possession and payment of taxes for seven years ripened this title into full ownership.

1. The first point urged: That the quit claim deeds from Angelina and Joseph Kerzon conveyed record

title to an undivided one-third interest in the Placer Claims, rests upon a frail foundation dependent entirely upon the will of Frank Zaitz, Sr., who died May 28, 1936. No evidence was offered of the probate of this will, and no power or right of the executors to convey the real property is shown. If evidence of authority for the sale or transfer of real estate belonging to the deceased exists in the probate records of the estate, it was not offered at the trial. As the record before us indicates, the grantors, whether entitled under the will or not, divided the property among themselves according to an agreement, the nature of which is not shown, in apparent disregard of the provisions of the will. We doubt if the title of plaintiffs thus acquired establishes even a passable record title, though it may be considered color of title. *De Foresta v. Gast,* 20 Colo. 307, 38 Pac. 244; *Whitehead v. Desserich,* 71 Colo. 327, 206 Pac. 384.

 2. The second point urged for reversal presents a very different situation. The record shows that Frantz Zaitz, Jr., died intestate July 6, 1934, leaving as his heirs at law his widow and three children mentioned above. The trusts declared by Frank Zaitz, Sr., in which Zaitz, Jr. was one of the beneficiaries, had not been consummated by a conveyance during the lifetime of either the trustee or the beneficiaries. These trusts, in our view, were never more than dry or passive trusts. The only duty or obligation of the trustee with respect to the trust property was to quit claim the legal title to the beneficiaries on demand. This not having been accomplished during the lifetime of either trustee or beneficiaries, the Statute of Uses operated to vest the legal title of the trust property in the beneficiaries or their heirs. *Ohio Co. v. Barr,* 58 Colo. 116, 144 Pac. 532. The heirs of Zaitz, Jr., as alleged and proved at the trial, conveyed that interest to plaintiff Hill. This conveyence, coupled with the pleadings and evidence, in our view amounts to a complete record title of the interest of Frank Zaitz, Jr., not dependent upon color of title, pos-

session or payment of taxes. In holding otherwise we think the trial court was in error.

3. The third point relates to the sheriff's deed obtained by plaintiff Hill upon a judgment and levy of execution on the interest of Ada D. Balkwill in the Hill Tract and Placer Claims. This deed was recorded on July 31, 1946, and no doubt, under familiar rules, amounted to color of title since it was fair on its face; however, its validity was challenged at the trial by defendant and evidence offered and received that the notice of sale upon execution was invalid as not having been published for the required period of time. The trial court made no finding on the issue thus presented, and we refrain from doing so, since upon a retrial the court will have an opportunity to resolve the matter, and the erroneous spelling of the judgment debtor's name, if any, in the sheriff's deed may be clarified.

4. The fourth point urged by plaintiffs is that the quit claim deeds from Angelina and Joseph Kerzon to the plaintiffs of all the lands involved, the Placer Claims and the Hill Tract, constituted color of title which plaintiffs held in good faith and that proof of possession and the payment of taxes for seven years entitled them to a decree. Because the declarations of trust we have referred to were on record at the time these deeds were obtained and had been so for many years, the trial court held that plaintiffs were charged with notice from such records that their grantors were entitled to convey but a small fraction of the lands and placer claims the deeds purported to convey and that they did not receive and hold such title in good faith. Here again we think the trial court was in error. The record shows that plaintiff Hill attempted to acquire title from all who had an interest in the property, including the devisees or beneficiaries under the will of Frank Zaitz, the heirs of Frank Zaitz, Jr., and through the sheriff's deed the interest of Clyde Balkwill. From the public records it was known that some or all of these parties at one time or

another held an interest in the property, and it was these interests that Hill set out to acquire. There was nothing in the evidence to indicate that he took advantage of the grantors in any way, or that his purpose was to acquire something for nothing. Mere knowledge that a grantor is without title or that a deed received by a grantee is void, is not sufficient to prove bad faith. *Parker v. Betts,* 47 Colo. 428, 107 Pac. 816. Here there was no evidence of bad faith, other than knowledge that the grantors had doubtful title to the property they purported to convey. They did not undertake to warrant and defend the title conveyed, but quit claimed only their interest in the property described, and the record shows that they did have an interest which they were entitled to convey. Under such circumstances we think the trial court's finding of bad faith is without support in the record.

█ █ The court also found that the proof of plaintiffs' possession of the property was insufficient. It is admitted that the greater part of the land in controversy was not actually occupied by anyone, and the possession of the plaintiffs therefore must fall within the category of constructive rather than actual possession. Where one not in actual occupation claims the right of exclusive occupation and no person is in occupation opposing his claim, his possession is constructive and sufficient to enable him to maintain an action to quiet title. Tiffany on Real Property (3rd Ed.) §20; *Ohio Oil Co. v. Wyoming Agency,* 63 Wyo. 187, 179 P. (2d) 773; *Rocky Mountain Fuel Co. v. Clayton Coal Co.,* 110 Colo. 334, 134 P. (2d) 1062. Here the plaintiffs' actual possession was confined to but one of the several placer mining claims, the Key Placer, although they claimed title to all of the property, and, as we have held, had a record title to a substantial portion of the whole. No other person was in possession of any part of the property disputing their right or asserting an adverse claim. In such circumstances it may be said that they were in constructive

possession of the whole property to the extent of their paper title under C.R.S. 1953, 118-7-9. The payment of taxes for seven years as claimed by plaintiffs was an issue in the case upon which the trial court made no finding and upon which we do not pass, since it too may be resolved upon retrial.

It is unnecessary to discuss the other matters argued in the briefs, since upon retrial they too may be resolved.

The judgment is reversed and remanded with instructions to grant a new trial, permitting the parties to amend their pleadings as they may be advised.

MR. JUSTICE CLARK does not participate.