Opinion by
Mr. Justice Moore.
The parties will be referred to as they appeared in the trial court where plaintiff in error was plaintiff and defendant in error was defendant.
The plaintiff filed her original complaint on March 21, 1960, in which she prayed for possession of real estate and for damages under the forcible entry and detainer statute. She filed an amended complaint on January 11, 1961, in which she alleged that her action was brought under C.R.S. ’53, Chapter 58, Vol. 3 (Forcible Entry and Detainer), and that as of April 22, 1958, she was entitled to possession of five acres of land which were particularly described. She further alleged that on April 22, 1958, the defendant, peaceably, and without right to do so, entered and took possession of the described land and at all times thereafter has remained in possession of it and holds it unlawfully and by force. She asked for restitution of the premises, damages for loss of rents and profits in the sum of $2,300, and also *373 prayed for treble damages as provided in C.R.S. ’53, 58-1-26 in the sum of $6,900, and costs of the suit.
The defendant filed his answer and counterclaim in which he denied the plaintiff’s right of possession, put in issue her title, and claimed title in himself by virtue of adverse possession. He also disputed the alleged boundary between other land owned by him and that which was the subject of dispute.
Pursuant to defendant’s request a commissioner was appointed to establish the boundary. His report was filed on August 30, 1961. After a hearing on objections of the defendant to the report it was approved, and defendant’s objections to it were overruled. Thereafter, defendant filed an amended answer and counterclaim alleging that he was the owner of the premises in dispute and prayed that title be quieted in him. On November 21, 1961, trial was concluded on the issues as formed by the pleadings. On December 11, 1961, upon motion of the defendant he was allowed to re-open the case for the purpose of attacking the treasurer’s deed issued to plaintiff, upon which she relied to establish her title. The claim was made that the deed was executed without notice to the defendant of application for its issuance.
On September 10, 1962, the trial court decreed that the treasurer’s deed to plaintiff, dated April 22, 1958, was void due to failure of notice to the defendant. The trial court further found as follows:
“* * * plaintiff has failed to establish title by virtue of heirship in that the Court concludes, as a matter of law, that a party who may be rightful heir to real property may not acquire rightful title to said property by virtue of a treasurer’s deed after having permitted taxes to go unpaid in order to take advantage of the tax-sale opportunity. The Court also finds that the plaintiff was guilty of laches in so far as her right to assert title by heirship. The Court further finds that the defendant failed to meet the burden of proof to establish title by *374 virtue of adverse possession in that the evidence failed to establish all of the necessary elements required for proof of adverse possession.”
The trial court denied the relief sought by the plaintiff, and with respect to the claims asserted by the defendant concluded, “as a matter of law, that the defendant cannot be awarded title to the premises by virtue of adverse possession * * The trial court decreed:
“That judgment be entered for and in favor of defendant as to the relief prayed for in the plaintiff’s complaint and that the complaint is hereby dismissed; and that judgment is entered for and on behalf of the plaintiff as to the defendant’s affirmative defenses and counterclaim except as to establishment of the boundary.”
On September 20, 1962, the defendant filed a motion for new trial, and also an “Alternative Motion to Amend Judgment.” No new trial was granted but the motion to amend the judgment was sustained. However, it was thirteen months after the motion was filed before the final judgment was entered. In that period of time the plaintiff started another action in the same district court to determine interests in the same property, and proceedings were taken in the instant action for the purpose of nullifying certain orders entered by another judge in the second case. While this second action adds many folios to the record, and injects considerable confusion, we deem it unnecessary to give details thereof. We are now concerned only with the final judgment entered in the action which was first commenced.
On October 30, 1963, the trial court, in granting the motion of defendant to amend the judgment theretofore entered, ruled as follows:
“This matter is before the Court by virtue of motions filed and pending since the entry of a Decree dated September 10, 1962. Arguments of counsel have been heard after which the matter was taken under advisement and subsequently a ruling was further withheld until the disposition of issues pending in Case No. 9901 *375 of this court which involved the same subject property in issue here. As a result of the unusual delay of the Court in ruling herein, the entire case and numerous authorities have again been examined and considered.
“The Court now finds that Paragraph 2 (a) (b) & (c) of Defendant’s motion entitled Alternative Motion To Amend Judgment’ filed September 20, 1962, should be granted.
“A review of appropriate Colorado authorities dictates the conclusion, as a matter of law, under the facts here presented, that the Defendant must prevail against the Plaintiff as prayed for in the aforesaid motion.
“IT IS THEREFORE ORDERED, ADJUDGED AND DECREED, that the said Paragraph 2 of said motion be sustained.
“IT IS FURTHER ORDERED, that counsel for Defendant prepare findings and decree pursuant to the motion and ruling herein, providing, among other matters, for the determination of appropriate assessments to be charged against the Defendant and in favor of the Plaintiff as contemplated in Paragraph 2(c) of said motion.
“IT IS FURTHER ORDERED, that other pending motions not specifically set forth herein are found to be moot and requiring no ruling in view of ruling herein.
“IT IS FURTHER ORDERED, that this is a final judgment and that further motion for a new trial is dispensed with.
“Done this 30th day of October, 1963.”
On November 13, 1963, the trial court signed “Findings and Judgment,” which apparently was prepared by counsel for the defendant pursuant to the order of the court, “that counsel for defendant prepare findings and decree pursuant to the motion and ruling herein * * This instrument entitled “Findings and Judgment” contains a long recital of the history of this litigation, much of which does not appear from the record before us in any other place. It goes far beyond anything which *376 formed the basis of the trial court’s ultimate decision. .Nevertheless, the court held that the treasurer’s deed upon which plaintiff relied was void, and that she could .not claim title as the sole heir-at-law of former fee title owners (her mother and father) becauses of laches. With reference to the claims of defendant the following appears:
“Inasmuch as the Court has found in the previous decree entered herein, to the effect that neither party had satisfactorily established title, equity and the Rules •of Civil Procedure, Rule 105, direct that a complete adjudication of rights be made. Accordingly, the Court finds that the defendant was, prior to and at the commencement of this action, in possession of the South Pive acres, of the Southwest quarter of the Southeast Quarter of Section 36, Township 4 North, Range 56 West •of the 6th Principal Meridian and that the defendant .has been in continuous possession and occupancy of these premises in his own right for over nine years.”
The record does not support the finding that “defendant has been in continuous possession and occupancy of these premises in his own right for over nine years.” The trial court was correct on September 10, 1962, in asserting, “It is further concluded, as a matter ■of law, that the defendant cannot be awarded title to the premises by virtue of adverse possession having failed to prove all of the necessary elements.”
Counsel for the plaintiff insisted that the treasurer’s deed issued to her on April 22, 1958, was valid and operated to pass title to the land and probably placed undue reliance on that position. The trial court held that the plaintiff could not acquire the title under the tax deed because it was her duty to pay her taxes and she could not acquire any rights by permitting her property to go to tax sale and treasurer’s deed. This •doctrine was upheld in Newmyer v. Tax Corporation, 87 Colo. 474, 289 Pac. 365. However, in that case there 'was an attempt to cut off liens against the property by *377 the expedient of the tax sale and treasurer’s deed. This is not so in the instant case.
The trial court in holding that the plaintiff was obligated to pay the taxes and not permit them to go to tax sale, could only reach that conclusion if she was the owner of the property. The defendant had no legal right to the property, or to the possession thereof, and the trial court so found. There was no attempt by the plaintiff to cut off the claim of the defendant, or of any other person, so far as this record shows, by permitting the property to go to tax deed.
The undisputed evidence, much of which was brought out by counsel for the defendant, was that the legal title to the real estate, as shown by the records of the clerk and recorder, stood in the name of William Jones. He was the father of plaintiff. He died in 1937 leaving no will. His sole surviving heirs-at-law were his wife (mother of the plaintiff) and the plaintiff. The mother died in 1943 and her sole heir-at-law was the plaintiff. At the moment plaintiff’s father died she became vested with an undivided one-half interest in his estate, and when her mother died she immediately became vested with the full fee simple title. The fact that there was no determination of heirship in estate proceedings does not deprive the plaintiff of the full right of inheritance to which she was entitled under the law. The question of whether the tax deed is a valid instrument is wholly immaterial to any issue in this case. Plaintiff was the owner of the premises prior to issuance of the tax deed, and she did not invalidate that ownership by applying for, and receiving, a tax deed. The defendant claimed title by adverse user. He failed to prove his claim. He never had possession of any kind, adverse or otherwise, until 1954. He paid no taxes on the land.
There is no evidence that the plaintiff ever gave the defendant permission to occupy her land, or that defendant ever asked permission from the plaintiff to *378 do so. There is no evidence that defendant occupied the property throughout the term, of any applicable statute of limitations which would qualify him to receive title by prescription. There is no legal basis for the conclusion of the trial court that the plaintiff cannot assert her title by inheritance because of laches. No laches were shown.
We think it sufficient in this connection to direct attention to the rule as stated in Jacobs v. Perry, 135 Colo. 550, 313 P.2d 1008, and Fastenau v. Engel, 125 Colo. 119, 240 P.2d 1173, as follows:
“* * * courts will not invoke equitable defenses to destroy legal rights where statutes of limitations are applicable.”
The judgment is reversed and the cause remanded with directions to proceed in accordance with the views herein expressed.
Mr. Justice Frantz and Mr. Justice Pringle concur.